IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JONATHAN T. WAGONER                                             PLAINTIFF

     v.                                CIVIL NO. 09-3076

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                       DEFENDANT

## ORDER

Plaintiff, Jonathan T. Wagoner appealed the Commissioner's denial of benefits to this court. ECF No. 1. On March 3, 2011, an order was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 12. Plaintiff now moves for an award of $ 1175.85 in attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), requesting compensation for 3.40 attorney hours at a rate of $155.00 and 8.00 paralegal hours at $75.00. ECF No. 13. Defendant has filed a response, but has raised no objections to the amount of the fees requested. ECF No. 16. The Defendant advises that the award of fees should be made to Plaintiff's counsel. *Id.*

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find Plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, Plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In determining a reasonable attorney's fee, the court will in each case consider the

-2-

following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Attorney's fees may not be awarded in excess of $125.00 per hour, the maximum statutory rate under § 2412(d)(2)(A), unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990),

the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index ("CPI"). In this case, counsel has attached a copy of the Consumer Price Index as an exhibit and presented evidence of an increase in the cost of living[1]. In this case, counsel has attached a summary of the Consumer Price Index as an exhibit and has presented evidence of an increase in the cost of living. ECF No. 14, Attachment 1. Accordingly, we find that counsel is entitled to an hourly rate above the statutory minimum in the amount of $155.00 per hour. Plaintiff's counsel has also requested paralegal hours of work at the rate of $75.00 per hour. To that end, he has submitted affidavits verifying the market rate for paralegal work. ECF No. 14, Attachments 2-8. We find this rate to be reasonable. Accordingly, counsel is entitled to an hourly rate of $75.00 for paralegal work. *See Richlin Security Service Company v. Chertoff*, 553 U.S. 571 (2008).

We next address the number of hours Plaintiff's counsel claims he spent working on this case. Counsel requests compensation for a total of 3.40 hours for reviewing the transcript, researching the law, drafting the appeal brief, and reviewing the Memorandum Opinion in this case. ECF No. 13, Attachment 11. The court finds that the time requested is reasonable and will award the full 3.40 hours.

Counsel also requests .25 paralegal hours for receipt and review of Order directing complaint to be provisionally filed prior to a determination as to IFP, .25 paralegal hours for receipt and review of file-marked copy of complaint, .25 paralegal hours for receipt and review

---

[1] In accordance with General Order No. 39, we have calculated the cost of living based on the Consumer Price Index for the South. We believe that routine application of this standard will result in consistent hourly fee awards in the Western District of Arkansas. *See Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

AO72A
(Rev. 8/82)

of Order denying the IFP, .10 paralegal hours for issuing a receipt for the filing fee, .50 paralegal hours for letters perfecting service of the summons, .10 paralegal hours for receipt of consent of jurisdiction by U.S. Magistrate Judge, .50 paralegal hours for preparation and electronic filing of affidavit of service, .25 paralegal hours for receipt and review of scheduling order, .25 paralegal hours for receipt and review of signed affidavit, and 2.00 paralegal hours for preparing the EAJA motion. This court concludes that it should not have taken this amount of time to perform these tasks. *Bowman v. Secretary of H.H.S.*, 744 F.Supp 898 (E.D.Ark. 1989). Many of these documents were single page documents requiring minimal time to review. Furthermore, receiving and reviewing the file-marked copy of the complaint and issuing receipts are tasks which could have been completed by support staff. *See Granville House, Inc. v. Department of HEW*, 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA). Counsel requests .25 paralegal hours for receipt and review of Notice of Order of Appeals Counscil remanding case to ALJ. We will not compensate counsel for work performed at the administrative level. *Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984) (time spent at the administrative level is not compensable under the EAJA). Accordingly, we will deduct a total of 2.45 paralegal hours from the total number of compensable hours.

      Finally, counsel seeks reimbursement of $48.85 in expenses incurred with regard to postage and copies. Such expenses are recoverable under the EAJA and we find $48.85 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

      Based on the above, we award Plaintiff's attorney fees under the EAJA for 3.40 attorney hours at the rate of $155.00 per hour, and 5.55 (8.00 -2.45 ) paralegal hours at the rate of $75.00

per hour, and $48.85 in expenses, for a total attorney's fee award of $992.10. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

We note the Defendant has objected to counsel's request that the fee be awarded directly to him. The Supreme Court has held that an EAJA fee award is payable to the prevailing litigant, not the prevailing litigant's attorney. *Astrue v. Ratliff,* 130 S.Ct. 2521, 2522-2523, 177 L.Ed.2d 91 (2010). Therefore, any EAJA award by this Court should be made payable to plaintiff and not plaintiff's counsel.

IT IS SO ORDERED this 19th day of July, 2011.

/s/ *J. Marschewski*

HON. JAMES R. MARSCHEWSKI
CHIEF U.S. MAGISTRATE JUDGE